ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2022-Sep-06  08:52:08
46CV-22-423
C08SD01 : 9 Pages

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
CIVIL DIVISION

CARLY JON BECK                                                                                        PLAINTIFF

V.                             CASE NO. _____

AMERIGAS PROPANE, L.P. d/b/a AMERIGAS                                         DEFENDANT

## COMPLAINT

Comes the Plaintiff, CARLY JON BECK, and for her Complaint as against the Defendant, AMERIGAS PROPANE, L.P. dba AMERIGAS, states:

1. At all times relevant to the events set forth in this Complaint, the Plaintiff was an individual residing in the State of Texas and employed in the State of Arkansas.

2. The Defendant, AMERIGAS PROPANE, L.P. d/b/a AMERIGAS, is a for profit business incorporated in a State other than Arkansas. At all times relevant to the events set forth in the Complaint, the Defendant conducted business in Miller County, Arkansas.

3. The Registered Agent for Defendant is Corporation Service Company located at 300 S. Spring Street, Suite 900, in Little Rock, AR. 72201.

4. This lawsuit concerns an accident involving the Plaintiff, CARLY BECK,

at the Cooper Tire & Rubber Company plant located in Texarkana, Miller County, Arkansas on or about 9 March 2022.  Plaintiff claims such accident was caused by certain wrongful or negligent acts and omissions of the Defendant, AMERIGAS PROPANE, L.P. d/b/a AMERIGAS, and that her injuries were proximately the result of those wrongful or negligent acts and omissions.

5. Jurisdiction and Venue are proper pursuant to the laws of the State of Arkansas.

6. On or about 9 March 2022, CARLY BECK was employed at the Cooper Tire & Rubber Plant in Texarkana, Arkansas where, among other job duties, she operated a forklift which was powered by propane fuel sold to Cooper Tire by the Defendant.  BECK had been so employed for several years before that date and was operating her forklift that day in accordance with the rules and requirements of her employer.

7. At some time in the morning hours of 9 March 2022, Plaintiff drove her forklift to a propane refueling station located at the Cooper facility.  Upon information and belief, such refueling station was designed, constructed, maintained and provided by the Defendant, AMERIGAS PROPANE, L.P. d/b/a AMERIGAS for the purpose of dispensing propane to equipment such as the forklift plaintiff was operating.

8. As Plaintiff was preparing to connect the refueling hose to her forklift, a

fire ignited resulting in the Plaintiff being burned about her face and body. Such fire was caused, in whole or in part, by the failure of the handle, hose, couplings or other parts of the refueling station such that they allowed pressurized propane to flow from the handle, couplings or hose despite it not being connected to the forklift or the refueling station not having been turned "on," by the Plaintiff.

9. As the fire swirled about and on her, BECK attempted to pull off her burning clothing and extinguish the blaze despite being in great pain and shock. Finally, after removing some portions of her work clothing and diving into a nearby ditch filled with water and other substances, BECK was able to extinguish the flames, but not before incurring significant burns to her face, shoulders, back, buttocks, legs and other parts of her body.

10. The fire which caused serious injuries to the Plaintiff was caused by, or was otherwise the result of, the following:

(a) At the time Plaintiff was preparing to connect the refueling hose and handle to her forklift, propane escaped from the hose, handle and/or connecting device despite such not yet being connected to the propane tank on Plaintiff's forklift resulting in an inadvertent and uncontrolled flow of propane and the fire;

(b) Despite not yet having been turned "on," by the Plaintiff, the propane refueling system allowed pressurized propane to flow into the hose escaping through it, the handle, nozzle or connecting parts resulting in an uncontrolled flow of propane and the fire;

(c) The handle, hose and connecting parts allowed an uncontrolled flow of propane and further failed to shut off the flow of propane fuel despite the apparatus not being connected to the forklift; and

(d) The refueling station allowed an uncontrolled flow of propane and further failed to shut off the flow of propane fuel despite the apparatus not being connected to the forklift and the Plaintiff not having turned such station "on."

11. At all times relevant to the events set forth in this Complaint, Defendant knew or should have known that persons such as the Plaintiff would utilize the propane refueling station which the Defendant had designed, manufactured, constructed, assembled, provided and maintained to and for Cooper Tire & Rubber Company. The fire and resulting injuries to the Plaintiff were the result of the Defendant's negligence, to wit:

(a) Failing to design and utilize proper designs or procedures (including maintenance procedures) to preclude leakage from the handle, couplings, hose or station such as occurred at the time of the accident involving the Plaintiff;

(b) Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, constructing or maintaining a product in a defective condition or dangerous condition;

(c) Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, constructing or maintaining a product that was unreasonably dangerous;

(d) Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

(e) Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which lacked all necessary and reasonable safety features;

(f) Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which could and should have been designed, manufactured, assembled, re-built, supplied or

maintained in a safer manner;

    (g)    Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product without appropriate safety devices;

    (h)    Failing to adequately test such product after it had been designed, manufactured, supplied or maintained;

    (i)    Failing to provide adequate warnings;

    (j)    Failing to investigate, retain or analyze prior accident information such that proper warnings and safety features could be devised and implemented;

    (k)    Failing to offer proper training to users such as Cooper Tire & Rubber Company and more particularly, the Plaintiff;

    (l)    Failing to maintain the refueling station in a safe condition;

    (m)    Failing to properly inspect and maintain the refueling station and its various parts;

    (n)    Failing to comply with all applicable industry standards;

    (o)    Failing to retain, train and hire competent persons to inspect and maintain the refueling station; and

    (p)    Otherwise failing to act in a reasonable and safe manner to safeguard persons such as the Plaintiff while utilizing the propane refueling station.

    12.    Defendant maintained and supplied propane to the refueling system knowing of the inherent dangers of such pressurized fuel and yet failed to properly inspect and maintain the refueling system or implement safety designs and equipment that would have prevented the accident from occurring as it did or which would otherwise have prevented the continued flow of fuel as occurred at the time of

the accident.

13. By reasons of the negligence of the Defendant as described above, the Plaintiff, CARLY JON BECK, was made to suffer catastrophic burn-related injuries, pain and suffering and other damages.

14. Prior to the accident made subject of this Complaint, the Defendant was in the business of designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining and/or constructing propane refueling stations such as that involved in the accident with the Plaintiff and otherwise knew that persons such as the Plaintiff would utilize those stations.

15. The Defendant is strictly liable under Section 402(A) of the Restatement of the Law of Torts (Second) and the Arkansas Products Liability Act in that:

   (a) Defendant was and is in the business of designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing or constructing propane refueling stations;

   (b) The propane refueling station involved in the subject accident was marketed and placed in the general stream of commerce by the Defendant;

   (c) The propane refueling station was expected to and did reach users without substantial change in the condition for which Defendant designed, manufactured, assembled, distributed or sold it;

   (d) The propane refueling station was designed, manufactured, assembled, distributed or sold in a defective condition such that it was unreasonably dangerous for the reasons set forth below and in Paragraph 10 above.

16. The Defendant is strictly liable under Section 402(A) of the

Restatement of the Law of Torts (Second) and the Arkansas Products Liability Act, to wit:

(a)  Failing to design and utilize proper designs or procedures (including maintenance procedures) to preclude leakage from the handle, couplings, hose or station such as occurred at the time of the accident involving the Plaintiff;

(b)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, constructing or maintaining a product in a defective condition;

(c)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, constructing or maintaining a product that was unreasonably dangerous;

(d)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which was not reasonably fit, suitable or safe for its intended and represented purpose;

(e)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which lacked all necessary and reasonable safety features;

(f)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product which could and should have been designed, manufactured, assembled, re-built, supplied or maintained in a safer manner;

(g)  Designing, assembling, manufacturing, selling, supplying, distributing, building, re-building, installing, maintaining or constructing a product without appropriate safety devices;

(h)  Failing to adequately test such product after it had been designed, manufactured, supplied or maintained;

(i)  Failing to provide adequate warnings;

(j)  Failing to investigate, retain or analyze prior accident information such that proper warnings and safety features could be devised and implemented;  and

    (k)    Failing to offer proper training to users such as Cooper Tire & Rubber Company and more particularly, the Plaintiff.

    17.    By reasons of Defendant's breach of duties pursuant to Section 402(A) of the Restatement of the Law of Torts (Second) and the Arkansas Products Liability Act, Plaintiff was made to suffer catastrophic burn-related injuries, pain and suffering and other damages.

    18.    As a result of the above acts and omissions by the Defendant, the Plaintiff, CARLY JON BECK, suffered multiple and painful burns about her body which necessitated her being hospitalized and requiring painful medical treatment and procedures in addition to incurring Post Traumatic Stress Syndrome following the nightmarish incident of being burned alive. Additionally, and as a direct and proximate result of the above-described wrongful acts and omissions by the Defendant, the Plaintiff, CARLY BECK, has incurred the following damages and injuries:

    (a)    Medical expenses in the past as well as those expenses reasonably certain to be incurred in the future;

    (b)    Pain and suffering in the past and present as well as such suffering reasonably certain to be incurred in the future;

    (c)    Scarring and disfigurement;

    (d)    Loss of earnings in the past and such earnings reasonably certain to be incurred in the future;

    (e)    Loss of ability to earn;

    (f)    Temporary and permanent injuries; and

(g)     The reasonable cost of transportation to obtain medical treatment.

19.     She requests trial by jury.

WHEREFORE, Plaintiff prays for Judgement as against Defendant in an amount greater than that sum required for federal diversity, for costs and for all other relief to which she might be entitled.

>BUD B. WHETSTONE (69082)
>ATTORNEYS FOR PLAINTIFF
>WHETSTONE LAW FIRM
>415 N MCKINLEY, STE 535
>LITTLE ROCK, AR 72205
>(501) 376-3564
>(501) 376-6938 FAX
>budwhetstone@yahoo.com
>
>and
>
>RICHARD N. WATTS (82174)
>ATTORNEYS FOR PLAINTIFF
>WATTS, DONOVAN, TILLEY & CARSON, P.A.
>2120 RIVERFRONT DRIVE, SUITE 275
>LITTLE ROCK, AR  72202
>(501) 372-1406
>(501) 372-1209 FAX
>richard.watts@wdtc.law