IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLY JON BECK                                                      PLAINTIFF


v.                              Civil No. 4:22-cv-4101


AMERIGAS PROPANE, L.P. D/B/A
AMERIGAS                                                          DEFENDANT

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case.  The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1.      This Order shall govern the disclosure of materials by any party or non-party designated as "Confidential Material" in this litigation. "Confidential Material", as that phrase is used in this Order, shall refer to any document or item designated as "Confidential", including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents that a party or non-party believes to be outside the scope of discovery.

2.      Confidential Material of a party or non-party consists of the following materials and categories of materials:

1

a.   Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (the "Rules") and any applicable case law interpreting the Rules including, without limitation, Federal Rule of Civil Procedure 26 ("Rule 26"); contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures. deemed "Confidential" by the party producing the discovery (the "Producing Party").

b.   Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, other strategic sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data deemed "Confidential" by the Producing Party.

c.   Any information or material the Producing Party deems to be "Protected Data", which may include any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Any information or material the Producing Party deems to be "Protected Data" may compel alternative or additional protections beyond those afforded "Confidential" material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3.   If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

4.   The parties agree that such Confidential Material of a party or non-party as

2

described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

5.     To designate information or documentation as "Confidential Material", the Producing Party (whether party or non-party) shall mark or designate the information or documentation with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as responses to interrogatories, requests for production of documents, subpoenas or requests for admissions, in a separate document stamped with the appropriate legend. By claiming a document as Confidential Material, a party or non-party represents that it has made a bona fide, good faith determination that the document does, in fact, contain confidential information. The party receiving the discovery (the "Receiving Party") may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

    a.     Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

    b.     Information disclosed at any deposition of a party taken in this action may be designated by the party as Confidential Material by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as Confidential Material by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as Confidential Material. The parties may agree to a reasonable extension of the 15-business-day

period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive Confidential Material treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend to the designated pages and segregate them as appropriate.

c.      Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the Producing Party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is confidential.

6.      The inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to and as required by the Rules, the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph 6 shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party

4

would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

  a.   was not inadvertent by the Producing Party;

  b.   that the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents;

  c.   that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

  d.   that such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

This provision shall be interpreted to provide the maximum protection allowed by the Rules and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information ("ESI") (including metadata) or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7.     Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, counsel of record, and also shall be disclosed to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action, who execute the affidavit attached as ***Exhibit A***. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and

shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as ***Exhibit A***, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

8.      The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate court order to protect Confidential Material.

9.      Nothing in this Order shall be deemed to preclude any party, non-party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as Confidential Material, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to

whether the material or information should remain designated as Confidential Material. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

10.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

11.     This Order does not seal the entire Court records in this case and is only intended to facilitate the prompt production of discovery. No determination is being made by the Court at this time that any documents are Confidential Material. Such issues are reserved and will be ruled upon pursuant to the terms of this Order. Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.

12.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all documents, items or data, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential

Material. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

13.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the Producing Party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the Producing Party or non-party who produced or designated the material as Confidential Material. Unless the Producing Party or non- party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce  documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any court order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

14.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

15.     The parties agree that nothing in this Order shall be deemed to limit the extent to

which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

16.     A non-party may avail itself of the protections of this Order by making the designations described in Paragraph 5, above.

17.     This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.  This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Order.

**IT IS SO ORDERED**, this 13th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

9

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

1.  My name is _____.  I live at _____.  I am

    working on behalf (or at the direction and engagement) of _____.

2.  I am aware that a Protective Order has been entered in the matter *Beck v. AmeriGas*

    *Propane, L.P.,* pending in the United States District Court, Western District of Arkansas,

    Texarkana Division, No. 4:22cv4101, and a copy thereof has been given to me, and I have

    read and understand the provisions of same.

3.  I acknowledge that documents and information designated as "Confidential Material"

    pursuant to such Protective Order ("Confidential Materials") are being disclosed to me only

    upon the condition that I agree to be subject to the jurisdiction of this Court and to that

    Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein,

    including contempt of Court, for disobedience of said Order. I promise that the documents

    and information designated as "Confidential Material"  under the Protective Order entered

    in this case will be used by me only to assist counsel for the parties in preparing for

    litigation of the above- captioned matters. I understand that any use of such Confidential

    Material in any manner  contrary to the provisions of the Protective Order will subject me

    to the sanctions of this Court for contempt.

4.  I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any

    information derived from, by any person other than the parties and counsel for the parties

    or members of their staff.

DATED: _____, 20_____               _____
                                                Signature